IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DERRICK DARNELL PORTER, <br> TDCJ #1027581, <br>     Petitioner, <br> v. <br> DOUG DRETKE, Director, <br> Texas Department of Criminal Justice - <br> Correctional Institutions Division, <br>     Respondent. | § § § § § § § § § § § § § | CIVIL ACTION NO. H-04-4673 |

## AMENDED ORDER DENYING A
## CERTIFICATE OF APPEALABILILITY

On May 19, 2005, the Court granted the respondent's motion for summary judgment and dismissed the federal habeas corpus proceeding filed by the petitioner as barred by the governing one-year statute of limitations. In that same order, the Court denied a certificate of appealability. The petitioner has submitted a notice of appeal. He has also filed a motion for a certificate of appealability. On July 15, 2005, the Court issued an order denying the petitioner's motion for a certificate of appealability. (Docket Entry No. 19). The order was sent to an incorrect address because of an error in the Clerk's Office. Therefore the Court issues this amended order in its place, denying the motion for reasons that follow.

This federal habeas corpus proceeding is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, codified as amended at 28 U.S.C. § 2253. Thus, a certificate of appealability is required before an

appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

As noted previously in the dismissal order, a certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, — U.S. —, 124 S. Ct. 2562, 2569 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

In this case, the Court denied habeas corpus relief for procedural reasons after finding that the petition was barred by the governing one-year statute of limitations. Porter does not

2

dispute that his petition is untimely or show that the Court's finding was wrong. Moreover, after carefully considering all of the pleadings and Porter's motion for a certificate of appealability in connection with the applicable law, the Court is not persuaded that jurists of reason would debate whether the procedural ruling in this case was correct. Accordingly, it is **ORDERED** that Porter's motion for a certificate of appealability (Docket Entry No. 17) is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on **September 20, 2005**.

_____
Nancy F. Atlas
United States District Judge